UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

BRENDAN GILBERT, individually and on
behalf of all others similarly situated

                      Plaintiff,

    v.                                        **DECISION AND ORDER**
                                                         13-CV-853S

THE HOME DEPOT, INC.,
THE HOME DEPOT SPECIAL SERVICES, INC.,
And HOME DEPOT, U.S.A., INC.,

                      Defendants.
───────────────────────────────

1.    In this putative class action, Plaintiff alleges that Defendants (collectively "Home Depot") improperly collect state and local sales taxes on a Damage Protection plan (the "Plan") that is offered to New York customers who enter into a Home Depot Tool Rental Agreement. Plaintiff, who rented three pieces of equipment from Home Depot on June 15, 2013, and chose to purchase the Plan, was charged sales tax on the Plan in the amount of $0.63. He contends the Plan is not subject to sales tax under § 1105 of New York's Tax Law and that Home Depot's unlawful tax collection constitutes: (1) fraud, (2) a violation of New York General Business Law § 349, (3) negligent misrepresentation, (4) violation of 42 U.S.C. § 1983, (5) negligence, (6) breach of contract, and (7) money had and received. He seeks to represent a class of all Home Depot customers that purchased a Plan in New York State and were improperly charged sales tax.

2.    Presently before the Court is Home Depot's motion to dismiss this action for failure to exhaust administrative remedies and failure to state a claim for relief. For the reasons stated below, the motion is granted.

3.     According to Home Depot, Plaintiff's claims "are nothing more than a disguised request for a sales tax refund," for which New York's Department of Taxation provides exclusive administrative remedies. Because Plaintiff did not exhaust his administrative remedies, it urges, these civil claims fail as a matter of law.

4.     Home Depot maintains that the procedures set forth in Article 28 of New York Tax Law are controlling here:

> § 1139.  Refunds
>
> (a) In the manner provided in this section the tax commission shall refund or credit any tax, penalty or interest erroneously, illegally or unconstitutionally collected or paid if application therefor shall be filed with the tax commission (i) in the case of tax paid by the applicant to a person required to collect tax, within three years after the date when the tax was payable by such person to the tax commission . . .
>
> (b) If an application for refund or credit is filed with the commissioner of taxation and finance as provided in subdivision (a) of this section, the commissioner of taxation and finance shall grant or deny such application in whole or in part within six months of receipt of the application in a form which is able to be processed and shall notify such applicant by mail accordingly. Such determination shall be final and irrevocable unless such applicant shall, within ninety days after the mailing of notice of such determination, petition the division of tax appeals for a hearing. After such hearing, the division of tax appeals shall mail notice of the determination of the administrative law judge to such applicant and to the commissioner of taxation and finance. Such determination may be reviewed by the tax appeals tribunal as provided in article forty of this chapter. The decision of the tax appeals tribunal may be reviewed as provided in section two thousand sixteen of this chapter.[1]
>
> § 1140. Remedies exclusive
>
> The remedies provided by sections eleven hundred thirty-eight and eleven hundred thirty-nine shall be exclusive remedies available to any person for the review of tax liability imposed by this article; and no determination or proposed determination of tax or determination on any application for refund shall be enjoined or reviewed by an action for declaratory

---

[1] New York Tax Law § 2016 provides for judicial review of a final administrative determination by way of an Article 78 proceeding.

> judgment, an action for money had and received, or by any action or proceeding other than a proceeding under article seventy-eight of the civil practice law and rules.

5. It is apparent from the parties' memoranda, and from this Court's own review, that there are few cases discussing the applicability of these provisions. Home Depot primarily relies on <u>Davidson v. Rochester Telephone Corp.</u> to support its assertion that Plaintiff is not entitled to maintain this action against it. 163 A.D. 2d 800 (3d Dep't 1990).

6. In <u>Davidson</u>, the plaintiff alleged that Rochester Telephone ("RTC") improperly collected state and local taxes on "end user common line" charges. <u>Id</u>. at 801. Like Plaintiff, Davidson claimed the charges were not subject to sales tax under § 1105 and sought to bring his claims as a class action. <u>Id</u>. at 802. The appellate division reasoned that RTC's role in sales tax collection was ministerial only and that, once it had collected the tax, a disatisfied taxpayer's recourse was against the taxing body. Further, the court concluded, Davidson's allegations that RTC's collection of sales taxes "was improper, unnecessary, unauthorized by [§ 1105], and . . . an unjust enrichment" were precisely the type of claims that "must be raised in an administrative proceeding" and considered by the taxing authority in the first instance. <u>Id</u>.

7. Prior to Davidson's suit, RTC had obtained an advisory opinion by the Tax Commission which stated that its end user common line charges were subject to sales tax under § 1105. Nevertheless, the appellate court found the existence of that advisory opinion did not obviate the necessity of administrative review. The opinion was nonbinding on the Department and so was not determinative of Davidson's claims that the charges were nontaxable. <u>Id</u>. at 803.

8.      Home Depot maintains that the result in Davidson comports with New York's public policy goals as reflected in state and federal court decisions. "Pursuant to New York law, exhaustion of administrative remedies is generally required prior to the initiation of litigation in the interest of preventing premature judicial interference with administrative efforts to develop a coherent enforcement scheme as well as to develop a factual record in the particular case." Legal Aid Soc'y v. City of New York, 114 F. Supp. 2d 204, 222 (S.D.N.Y. 2000) (alleged violations of County Law) (citing Watergate II Apartments v. Buffalo Sewer Auth., 46 N.Y.2d 52, 57 (1978)).  See M. Parpis Food Distribs. v. Wetzler, 202 A.D.2d 873, 875 (3d Dep't 1994) (remedies provided under Tax Law §§ 1138, 1139 are exclusive remedies for review of tax liability imposed by Tax Law article 28); 550 Cent. Ave. Deli Corp. v. Commissioner of Taxation & Fin., 188 A.D.2d 845, 846 (3d Dep't 1992) (noting that "the Legislature has set forth in unambiguous terms the parameters for seeking refunds of sales and use taxes in Tax Law §§ 1138, 1139, and 1140").

9.      In opposition, Plaintiff argues that the statutory provisions on which Home Depot relies apply only to disputes between a taxpayer and a taxing authority and, therefore, Home Depot is not entitled to invoke the exclusive remedies provision. The Court finds this argument unpersuasive. First, it ignores the clear language of § 1139(a) which requires the tax commission to refund taxes that are erroneously or illegally collected from an individual—such as Plaintiff—by an entity required to collect taxes—such as Home Depot.

10.     Plaintiff's argument also ignores Davidson's holding that allegations of a seller's improper or unauthorized collection of sales taxes must be raised in an administrative

4

proceeding. Plaintiff attempts to distinguish Davidson by arguing that the plaintiff was challenging a Department of Taxation determination, not a seller's determination to misapply § 1105. This is a fundamental misstatement of the Davidson case; Davidson did not bring his claim against the Department of Taxation (though the Department ultimately intervened in the case), and the appellate division's determination that Davidson was required to exhaust administrative remedies was not based on the fact that the Department had issued an opinion.

11.   Plaintiff goes on to urge that New York courts regularly hear disputes such as this one that arise between private parties. Having reviewed the cited cases, the Court finds all are readily distinguished. There is no indication that any defendant raised the exclusive remedies of Tax Law Article 28 as an affirmative defense. Legal Aid Soc'y, 114 F. Supp. 2d at 222 (defense is waived if not timely raised).  This is not surprising in that there also is no indication that any plaintiff alleged he or she was charged sales taxes not authorized by New York Tax Law. See Rubinberg v. Correia Design, Ltd., 262 A.D.2d 474 (2d Dep't 1999) (breach of contract claim regarding alleged overcharges during construction project; no indication that related dispute over sales tax arose from other than contractual provisions); Modu Craft, Inc. v. Liberatore, 89 A.D.2d 776 (4th Dep't 1982) (in suit to recover full amount due for goods delivered, parties agreed that goods were taxable but disputed whether, based on document of sale, tax was included in sales price or was to be calculated separately); Hoffman v. Premier Ford, Inc., 425 N.Y.S.2d 233 (N.Y. Civ. Ct. 1980) (where contractual terms were found to be "void and unenforceable," plaintiff entitled to recover all amounts paid, including sales taxes); Pallette Stone Corp. v. Guyer Builders, Inc., 212 A.D.2d 862 (3d Dep't 1995) (after

5

determination by Department of Taxation of sales tax deficiency, plaintiff paid amount due to state and then sought to recover uncollected tax from customer).

12. Plaintiff correctly notes that there is an exception to the general rule requiring administrative exhaustion in cases where "an *agency's* action is challenged as either unconstitutional or wholly beyond its grant of power." Watergate II Apartments v. Buffalo Sewer Auth., 46 N.Y. 2d 52, 57 (1978) (citation omitted) (emphasis added). See also, First Nat. City Bank v. City of New York Fin. Admin., 36 N.Y.2d 87, 92 (1975) ("When a tax *statute* . . . is alleged to be unconstitutional, by its terms or application, or where the *statute* is attacked as wholly inapplicable, it may be challenged in judicial proceedings other than those prescribed by the statute as 'exclusive'" (emphasis added)). Unlike First National, Plaintiff does not allege that a state or local tax law, in this case § 1105, is unconstitutional or invalid. Giving the Amended Complaint the broadest permissible reading, its allegations regarding the conduct of a private entity provide no support for the application of an exception.

13. In sum, the Court finds that the question of whether a vendor is collecting and remitting sales taxes in accordance with state law is a question that has been entrusted to the Department of Taxation in the first instance. Accordingly, Plaintiff cannot, as a matter of law, maintain this action alleging Home Depot improperly charged sales tax on a nontaxable item. In light of this conclusion, the Court need not consider Home Depot's further arguments that Plaintiff fails to state a cognizable claim for relief.

**ORDERS**

IT HEREBY IS ORDERED that Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Docket No. 13) is GRANTED and Plaintiff's claims are dismissed.

FURTHER that the Clerk of Court shall take the steps necessary to close this case.

SO ORDERED.

Dated: September 30, 2014
       Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court